George M. Carney, J.
This is an application brought by petitioner Robert Wechsler against Rozi Marash and Joshua Marash, petitioner’s former wife and her present husband, to permanently enjoin and restrain the respondents from removing or permitting the removal of Jessica Wechsler and Maura Wechsler from the State of New York.
Heretofore, by order of another Justice of this court, a temporary injunction was granted and a hearing ordered on the question of whether or not said injunction should be made permanent. In accordance with that order, a full hearing has been held.
Robert Wechsler, petitioner, and Rozi Marash, respondent, were married on January 23, 1954 in this city. They had two children, Jessica and Maura, now nine and six years of age, respectively.
On November 20, 1962 Robert Wechsler and Rozi Marash entered into a separation agreement. Among other things, this agreement provided that for five years from its date and subject to certain exceptions, the children of the parties were to reside in an area not more than 25 miles from Columbus Circle. It also provided as follows: “However, both parties recognize that Jessica Lynn and Maura are American citizens and children of American citizens and it is their desire that they should be educated within the American school system, and particularly in and about the City of New York (the question of choice of colleges being one in which deference will most likely be given to the wishes of the two children).” On January 12, 1963, Rozi Marash obtained a decree of absolute divorce in the Civil Court of Bravos District, Chihuahua, Mexico. The separation agreement above mentioned was incorporated in and approved by the divorce decree.
The two children involved have lived with their mother since the separation, she having been given custody under the agreement, with generous visitation rights to the father.
On November 24, 1965, Rozi Marash married her present husband Joshua Marash who is a citizen of Israel by birth. She has had one child by that marriage. On December 2, 1966 the petitioner remarried. His present wife has two children by a prior marriage.
The petitioner Robert Wechsler is a native born United States citizen, a college graduate and apparently a man of some wealth. His former wife, Rozi Marash, was born in Romania, became a naturalized citizen of Israel, then came to the United States and was naturalized here. She now claims dual citizenship. Her mother, who had lived in this country, has gone to Israel *613 and she has other relatives living there. Her present husband Joshua Marash has worked for El A1 Israel Airlines, a government-owned company for 16 years. He has been assigned to the Hew York branch of the company for six years and just recently has been reassigned to Israel. He has in the past spent about four years in England and about 18 months in Italy. If he refuses to return to Israel, he will lose his position and all the rights and privileges acquired during his 16 years of service.
The respondents have contracted to buy a home in a suburb of Tel Aviv and have both testified that they are definitely returning to Israel. They cláim that they have contacted and found a school where the children can attend and receive the benefit of a complete American curriculum.
The court has carefully considered all of the evidence and finds that it is for the best interests of Jessica and Maura Wechsler that they remain here in Hew York and not be taken to Israel by their mother or her husband. They are American citizens and entitled to be brought up as such. They are entitled to the many benefits that they can receive here, in the land of their birth, which cannot be accorded to them in any other country, including Israel. If they went with their mother to Israel, they would in all probability, other than for visits home to see their father, spend the balance of their lives, until reaching majority, in Israel. By that time they might have so lost touch with the United States that they might decide to remain permanently in Israel. The court has also taken into consideration the unsettled conditions that prevail in Israel today. Although this is a hard decision to make, and will mean that the children will be separated from their mother, it is the lesser of two evils and is for the best interests of the children. The respondent mother knew, of course, when she married her present husband that he was a citizen of Israel, here merely by assignment, and that he was subject to recall. As his wife, she will, without cost, be able to make frequent trips to this country to see her children.
This decision of the court should in no way cast any reflections upon either parent. Both parents have demonstrated that they have great love and affection for their two children, and each parent is fully capable of assuming custody of the children under the proper conditions.
The application of the petitioner, Robert Wechsler, is granted, and the respondents herein, Rozi Marash and Joshua Marash, are permanently enjoined and restrained from removing or permitting the removal of Jessica Wechsler and Maura Wechsler, the infant children of the petitioner and respondent, Rozi Marash, from the State of Hew York.